FILED & JUDGMENT ENTERED
David E. Weich

Jan 16 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

In Re:                              )   Case No. 08-10952
                                    )        Chapter 7
**HAROLD DAVID SUMMERS**            )
**BRENDA MURPHEY SUMMERS,**         )
                                    )
                                    )
          Debtors.                  )
                                    )


In Re:                              )   Case No. 08-10977
                                    )        Chapter 7
**NICOLE R. GRINDSTAFF,**           )
                                    )
          Debtor.                   )
                                    )


**ORDER REGARDING ATTORNEY'S FEES**

These matters are before the court on the Bankruptcy Administrator's Motion to review the attorney's compensation in two Chapter 7 cases. The matters were consolidated for argument and are consolidated in this Order for clarity of the decision. The court has concluded that it cannot approve post-petition installment payment of

attorney's fees in Chapter 7 cases; but that it does approve and permit a written fee arrangement that provides that any unpaid attorney's fees are discharged and may be paid voluntarily by the debtor at the debtor's sole election.

  1. In the <u>Summers</u> case, the debtors and their attorney agreed to a fee of $40.00 of which $21 was paid pre-petition and $19 was agreed to be paid after the petition was filed.  The attorney elected to undertake the case on a referral from Legal Aid at a negligible fee. The debtors were not able to pay the attorney's regular fee for Chapter 7 cases of $1300.  The attorney has made no effort to collect the $21 balance since the filing of the Chapter 7 petition.

  2. In the <u>Grindstaff</u> case, the debtor had sufficient cash to pay the entire standard attorney's fee of $1300, but doing so would have left her with very little to pay her current living expenses. Therefore, her attorney agreed to a reduced fee of $1000.  The debtor paid $900 prior to the filing of the petition, which sum was applied to pay credit counseling fees, filing fees and $559 of the agreed attorney's fee.  The attorney's filed Fee Agreement contains the following provision regarding payment of fees post-petition:

>In the event Attorney agrees to file the bankruptcy petition prior to the Attorney's fees being paid in full, Client understands and agrees that the unpaid balance of the fee is dischargeable and payment by the Client is voluntary.

3. In each case the attorney has made no effort to collect the balance of the fee owing since filing the respective Chapter 7 petitions, although the debtors have expressed a desire to pay their attorneys when they are able to do so.

4. The Bankruptcy Administrator filed in each case a Motion To Review Compensation in which he asserts that (1) the balance of the attorney's fees are discharged; and (2) the existence of the pre-petition debt creates a conflict of interest for the attorney.

5. Although the circumstances of these two cases are quite compelling, the Bankruptcy Code does not give any exalted status to attorney's fees in Chapter 7 cases. The balance due on the filing of each of these cases is a pre-petition, dischargeable claim pursuant to 11 U.S.C. §§ 101(5) and (12). Moreover, the unpaid balance of the attorney's fee cannot be collected out of the bankruptcy estate. See <u>Lamie v. United States Tr.</u>, 540 U.S. 526 (2004). The debt is dischargeable pursuant to 11 U.S.C. § 727(b) as a debt that arose before the date of the order

3

for relief and does not qualify for any of the exceptions to discharge defined in 11 U.S.C. § 523.  Thus, the unpaid pre-petition attorneys' fees are general unsecured claims subject to discharge in the Chapter 7 case.  Pursuant to 11 U.S.C. § 362, the automatic stay restrains any effort to collect the unpaid pre-petition fees after the petition was filed; and the discharge injunction continues that restraint after the debtor's discharge is issued.

     6.   Consequently, the fee arrangement in the <u>Summers</u> case, which provided for payment of the remaining balance post-petition, cannot be approved or enforced.  But, the arrangement in the <u>Grindstaff</u> case, which contains the language quoted above, is appropriate for circumstances such as presented in these cases.  And, even in the circumstances of the <u>Summers</u> case, the Code makes no prohibition of a truly voluntary payment by the debtors to their attorney.

     7.   These cases both represent a charitable effort by attorneys (and in the <u>Summers</u> case essentially a <u>pro bono</u> effort) to provide representation to people who need Chapter 7 relief but are not able to pay the normal fee for such services.  There is no abuse present here, but rather a commendable practice that well serves the client, the court and the community.  The Code does not permit the

court to approve fee contracts that provide for post-petition installment payments of attorney's fees. But, the court endorses the provision of the fee arrangement in the <u>Grindstaff</u> case and authorizes attorneys to accept voluntary post-petition payment of discharged fees by Chapter 7 debtors.

8. The Bankruptcy Administrator's other argument that the unpaid fees create a conflict of interest for the attorney fails in the circumstances of these cases. Any such conflict here is <u>de minimus</u> and a potential conflict only.

It is therefore **ORDERED** that:

1. An attorney's fee agreement that provides for post-petition payment of pre-petition fees is not enforceable;

2. An attorney's fee agreement that provides for the discharge of pre-petition fees in a Chapter 7 case is appropriate; and

3. Attorneys may accept voluntary payments by debtors after a discharge has been entered.

**This Order has been signed electronically.**   **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**